# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JOHN DEWEY TODD<br><br>_Defendant(s)_ | )<br>)<br>) Case No. 3:14-mj-1006-JRK<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **January 6 - January 13, 2008** in the county of **Nassau** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a) | Employing, using, persuading, inducing, enticing and coercing or attempting to employ, use, persuade, induce, entice and coerce a minor to engage in any sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that had been mailed, shipped or transported in or affecting interstate or foreign commerce by any means. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

ANTHONY ALGOZZINI, Special Agent, HSI
_Printed name and title_

Sworn to before me and signed in my presence.

Date: January 15, 2014

_Judge's signature_

JAMES R. KLINDT, United States Magistrate Judge
_Printed name and title_

City and state: Jacksonville, Florida

# AFFIDAVIT

I, Anthony Algozzini, being duly sworn, state as follows:

1. I am a Special Agent (SA) with Homeland Security Investigations (HSI), formerly U.S. Immigration and Customs Enforcement (ICE) and formerly U.S. Customs Service. I am currently assigned to the Jacksonville, Florida office. I have been so employed since May of 2003. I have attended the Criminal Investigator Training Program and ICE Special Agent Training Academy at the Federal Law Enforcement Training Center in Brunswick, Georgia. I am classified and trained as a Federal Law Enforcement Officer, with federal statutory arrest authority. In my capacity as a Special Agent I have participated in numerous types of investigations, during the course of which I have conducted or participated in physical surveillance, undercover transactions, executions of search and arrest warrants, controlled delivery transactions of narcotics and other contraband, asset forfeiture including real property, and other complex investigations.

2. I have investigated and assisted in the investigation of criminal matters involving the sexual exploitation of children which constituted violations of Title 18, United States Code, Sections 2251, 2252 and 2252A, as well as Florida state statutes which criminalize the production, possession, receipt and transmission of child pornography, that is, visual images depicting minors engaged in sexually explicit conduct. I have received training from HSI regarding the investigation of crimes against children, including the receipt, transportation, distribution, and possession of child pornography. I am a member of a child pornography task force comprised of HSI, the

1



Florida Department of Law Enforcement, the Jacksonville Sheriff's Office, and the St. Johns County Sheriff's Office, among others. We routinely share information involving the characteristics of child pornography offenders as well as investigative techniques and leads. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3. The statements contained in this affidavit are based on my personal knowledge as well as on information provided to me by other law enforcement officers. This affidavit is being submitted for the limited purpose of establishing probable cause for the filing of a criminal complaint, and I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that JOHN DEWEY TODD has committed a violation of Title 18, United States Code, Section 2251(a), that is, production of child pornography.

4. This affidavit is made in support of a complaint against JOHN DEWEY TODD, that is, during the period between on or about January 6, 2008, and on or about January 13, 2008, in Fernandina Beach, in the Middle District of Florida and elsewhere, JOHN DEWEY TODD did knowingly employ, use, persuade, induce, entice and coerce and attempt to employ, use, persuade, induce, entice and coerce at least one minor to engage in any sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that had been mailed, shipped or transported in or affecting interstate or foreign commerce by any means, that is such visual depictions were stored on computer equipment that traveled

2

in interstate or foreign commerce, in violation of Title 18, United States Code, Section 2251(a).

6. On November 14, 2013, I applied for and obtained a federal search warrant for the residence located at 33329 Sunny Parke Circle, Fernandina Beach, Florida 32034. This warrant was issued by the Honorable Monte C. Richardson in Case No. 3:13-mj-1245-MCR. A certified copy of the application and affidavit for this search warrant is attached as Exhibit A, and the facts and information contained therein is hereby incorporated by reference herein.

6. On November 15, 2013, I, together with other law enforcement officers, executed that federal search warrant at 33329 Sunny Parke Circle, Fernandina Beach, Florida 32034. After knock and announcement, contact was made with JOHN DEWEY TODD and the residence was secured. JOHN DEWEY TODD advised, in substance and among other things, that he was home alone but that his wife would be returning home shortly. JOHN DEWEY TODD advised that he had a doctor's appointment that morning and that his wife would soon be returning home. Jacksonville Sheriff's Office (JSO) Detective Torres-Dror told JOHN DEWEY TODD that he was free to leave for his appointment and that law enforcement can wait for the arrival of his wife. JOHN DEWEY TODD remained at the scene.

7. Det. Torres-Dror told me that she advised JOHN DEWEY TODD that the Search Warrant was for items in the home and that no one was under arrest that day. She advised to him that he was free to leave at any time. JOHN DEWEY TODD acknowledged that he understood and decided to remain at the scene. Det. Torres-

3

Dror informed JOHN DEWEY TODD of his constitutional rights verbally and in written form. TODD reviewed the Constitutional Rights Form and signed it.

8. Det. Torres-Dror conducted an audio-recorded interview, to which I have listened. During the consensual interview, JOHN DEWEY TODD asked, "Could I make a couple of statements, which my lawyer, if I had a lawyer—I've never needed a lawyer, would probably tell me not to make?" Det. Torres-Dror replied, "Ok." TODD stated, "I do have inappropriate stuff on my computers." Det. Torres-Dror asked, "By 'inappropriate,' what do you mean?" JOHN DEWEY TODD responded, "Child porn is on there."

9. The consensual interview continued, and JOHN DEWEY TODD provided, among other things, the following information:

  a. TODD obtains child pornography through the use of eMule, a peer-to-peer (P2P) client software program that is a common means of sharing image and video files on the Internet among groups of computers using the same file sharing network. When asked about the search terms he uses to find those files on the network, TODD replied, "Just keywords that I see. I ran across this stuff by accident and said, 'Wow.' You know, it was strangely erotic, but I don't molest children. I'm sixty years old. I've never been inappropriate with a child, but—". At that point, Det. Torres-Dror asked him, "So you're not hands-on. You just—you just like to view it, and you're aroused by it. So, so do you just masturbate to it and just put it away?" TODD nodded his head and said, "Uh huh." Det. Torres-Dror asked him, "And then you—you don't even consider touching a—a kid in real life?" TODD replied, "No. No."

4

b. JOHN DEWEY TODD uses "r@ygold," "hot lols," "pthc," and "ptsc" as search terms for child pornography files.

c. When asked how long he has been downloading files from eMule, JOHN DEWEY TODD replied, "Probably couple years." TODD first came into contact with child pornography files from using eMule and has not used any other P2P programs or chat programs.

d. JOHN DEWEY TODD saved his child pornography files on two computers, media discs, thumb drives, and external hard drives that were located in his residence. Specifically, TODD identified the following containing child pornography: fifty-one media discs under the plywood floorboard in the attic; one computer tower in the garage; one computer tower in the middle bedroom; two external hard drives; and five thumb drives located in pockets of a jacket in the master bedroom closet.

e. JOHN DEWEY TODD prevented his wife from finding these child pornography files on the computer by moving the files to the "Microsoft" folder under "Program Files" in the C:\ drive.

f. During the course of the interview, JOHN DEWEY TODD also advised that he and his wife purchased the home new approximately eight years ago. TODD told Det. Torres-Dror that no one other than he and his wife had resided in the home during the past few years. I reviewed the Nassau County Property Appraiser Records regarding the purchase of his residence where the search was conducted, which indicate John and Sheila Todd purchased the home on March 14, 2005.

10. As of January 9, 2014, Det. Torres-Dror had examined forty-two of the

fifty-one media discs seized during the execution of the search warrant and she told me she found the forty-two discs to contain at least 12,000 files (approximately 550 videos and 11,500 pictures) of child pornography. The files included minors engaged in sexually explicit acts, some of which involved bondage and/or bestiality.

11. As of January 14, 2014, Special Agent James C. Greenmun with Homeland Security Investigations conducted a forensic examination of two thumb drives recovered during the execution of the search warrant. Special Agent Greenmun told me he found three videos of suspected production of child pornography on a SanDisk Cruzer 8GB thumb drive, which was manufactured in China and seized during the execution of the search warrant. The following videos were located on the file:

   a) A video that is approximately 45 minutes long and shows a date/time stamp of January 6, 2008, beginning at 21:06: almost immediately, JOHN DEWEY TODD, who I recognize him from meeting him during the execution of the search warrant, appears in the camera screen and he appears to be adjusting the camera to point toward a bathtub/shower curtain. His face is clearly depicted. There are plant leaves that are also visible in the peripheral of the screen indicative that the camera is hidden in a plant or planter. He disappears from the screen after several seconds and the room goes dark. Minutes later, the lights come back on and, at approximately 21:08, a fully clothed minor female is seen turning on the bath water. At approximately 21:13, a nude prepubescent minor female is recorded entering the bathtub. The minor displays little to no breast

development, absence of any visible pubic hair and child-like features and has a child-like voice. The camera angle captures her genitals in the center of the screen at or around 21:15 while the child is entering the bathtub and testing the temperature of the water. Another nude and prepubescent minor female enters the bathtub and the two sit on the edge of the bathtub playing in the water. There are clear depictions of the girls' genitalia and breasts at various points in the video, including several instances where one of the minor females is seen bending over and her genitalia is clearly displayed.

b) A video that is approximately 19 minutes long and shows a date/time stamp of January 6, 2008, beginning at 21:13, which appears to be an edited version of the previously described video in paragraph (a) above, that captures the same depictions of the nude prepubescent minors in the bathtub displaying their genitalia as described above.

c) A video that is approximately 48 minutes long and shows a date/time stamp of January 13, 2008, beginning at 20:33. At 20:34, the individual I know from the execution of the search warrant as JOHN DEWEY TODD is seen adjusting the camera that appears to be concealed in the same plant as the previously-described videos with a focus on the same bathtub. At 20:34, JOHN DEWEY TODD exits from the view of the camera and the lights go out at 20:35. At 20:45, a fully clothed individual, who is similar in appearance to TODD's wife but whose face is not seen on camera long

enough to determine with certainty, enters the camera view and appears to be cleaning the bathtub. At 20:48, a fully clothed minor female is seen on camera turning on the water. At 20:49, a nude, prepubescent minor female enters the bathtub. At 21:09, a second, nude, prepubescent minor enters the bathtub. The child's genitals are visible at approximately 21:10.

12. Based upon the foregoing facts, I have probable cause to believe that during the period between on or about January 6, 2008, and on or about January 13, 2008 AFA, in Fernandina Beach, in the Middle District of Florida and elsewhere, JOHN DEWEY TODD, did knowingly employ, use, persuade, induce, entice and coerce and attempt to employ, use, persuade, induce, entice and coerce at least one minor to engage in any sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that had been mailed, shipped or transported in or affecting interstate or foreign commerce by any means, that is such visual depictions were stored on computer equipment that traveled in interstate or foreign commerce, in violation of Title 18, United States Code, Section 2251(a).

ANTHONY ALGOZZINI, Special Agent
Homeland Security Investigations

Subscribed and sworn to before me this
15th day of January, 2014, at Jacksonville, Florida.

JAMES R. KLINDT
United States Magistrate Judge

8