UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                      CASE NO. 3:14-cr-11-J-39JRK

JOHN DEWEY TODD

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and the defendant, JOHN DEWEY TODD, and the attorney for the defendant, Shannon H. Padgett, Esquire, mutually agree as follows:

**A.     Particularized Terms**

1.     Counts Pleading To

The defendant shall enter a plea of guilty to Counts Two and Five of the Indictment.  Count Two charges the defendant with Sexual Exploitation of Children, specifically Production of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2251(a).  Count Five charges the defendant with Receipt of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2).

2.     Minimum and Maximum Penalties

Count Two is punishable by a mandatory minimum term of imprisonment of not less than 15 years and not more than 30 years, a fine of $250,000, a term

Defendant's Initials _____                        AF Approval _____
(FSA|PL3)

of supervised release of not less than 5 years and up to life, and a special assessment of $100, said special assessment to be due on the date of sentencing. Pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life. Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 3 years. With respect to this offense and pursuant to Title 18, United States Code, Sections 2259, 3663A and/or 3664, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Count Five is punishable by a mandatory minimum term of imprisonment of not less than 5 years and not more than 20 years, a fine of $250,000, a term of supervised release of not less than 5 years and up to life, and a special assessment of $100, said special assessment to be due on the date of sentencing. A violation of the terms and conditions of supervised release carries a maximum term of imprisonment of 2 years, or a term of imprisonment of not less than 5 years and up to life, depending on the nature of the violation as set

Defendant's Initial _____

2

forth with respect to Count Two above. With respect to this offense and pursuant to Title 18, United States Code, Sections 2259, 3663A and/or 3664, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

With consecutive terms of imprisonment on Counts Two and Five, the punishment is not less than 20 years imprisonment and not more than 50 years imprisonment, a fine of $500,000, a term of supervised release of not less than 5 years and up to life, and a special assessment of $200. A violation of the terms and conditions of supervised release carries a maximum term of imprisonment of 5 years, or a term of imprisonment of not less than 5 years and up to life, depending on the nature of the violation as set forth with respect to Count Two above. Further, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.    Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count Two are:

First:    That the defendant knowingly employed, used, persuaded, induced, enticed or coerced a minor to

Defendant's Initial _____

3

engage in sexually explicit conduct;

Second:     That the defendant did so for the purpose of producing a visual depiction of such conduct; and

Third:     That such visual depiction was produced using materials that had been transported or transmitted in interstate or foreign commerce.

The elements of Count Five are:

First:     That the defendant knowingly received one or more matters that contained visual depictions;

Second:     That such visual depictions were received using a means or facility of interstate and foreign commerce, that is, by computer via the internet;

Third:     That the production of such visual depictions involved the use of at least one minor child engaging in sexually explicit conduct;

Fourth:     That such visual depictions were of at least one minor child engaged in sexually explicit conduct; and

Fifth:     That the defendant knew that at least one of the performers in such visual depictions was a minor child and knew that the visual depictions were of such minors engaged in sexually explicit conduct.

4.    Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Count One, Count Three, Count Four and Count Six, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

Defendant's Initial _____

4

5.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement

6.    Mandatory Restitution to Victims of Offense of Conviction

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court.    Further, pursuant to 18 U.S.C. § 3364(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

7.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initial _____

5

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.4., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.     Forfeiture of Assets

On March 13, 2014, the U.S. Department of Homeland Security, U.S. Customs and Border Protection, completed an administrative forfeiture of the following assets which it alleges were used to produce and/or receive visual depictions of a minor engaging in sexually explicit conduct:

> a.    Acer 1 TB Tower, Model: Aspire X3950, Serial Number: PTSE602016019013C43000;
>
> b.    Dell 250 GB Tower, Model: Optiplex 780, Serial Number: 9B955P1;
>
> c.    Seagate 250 GB External Hard Drive, Model: Momentus 5400.6 Serial Number on Hard Drive: 6VC0DZ8S Serial Number on Enclosure: 2GH1V5JR;



Defendant's Initial _____

6

d.   Link 80 GB External Hard Drive, Manufacturer: Toshiba, Model: MK8034GSX, Serial Number: Y6SMF65RS 9E9 EC A;

e.   51 CD-Sized Media;

f    Hewlett Packard 32 GB Thumb Drive, Model: 202211, Serial Number: V255W/C310W;

g.   SanDisk 8GB Thumb Drive, Model: Cruzer, Serial Number: BI1006OEUN;

h.   Toshiba 8GB Thumb Drive, Serial Number: 0836BA0150K2EMN;

i.   DataTraveler 64GB Thumb Drive, Model: 111, Serial Number: 5981967;

j.   PNY 16GB Thumb Drive, Model: Mini Attache,  Serial Number: NV; and

k.   Motorola XT875 Phone w/ case, Serial Number: M676SE35WR.

The defendant did not contest the administrative forfeiture of these assets and expressly waives any right he may have to challenge such forfeiture.

The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

9.   Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must

Defendant's Initial 

7

register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.**     **Standard Terms and Conditions**

1.     Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance

Defendant's Initial _/Z___

with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $200 payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing. The defendant understands that this agreement imposes no limitation as to fine.

2.   Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

9

Defendant's Initial 

4.  <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.  <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or

10

Defendant's Initial _____

through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.  <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government

11

Defendant's Initial 

regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

12

Defendant's Initial 

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also

13

Defendant's Initial 

understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are

Defendant's Initial _M Z._

true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this  _10_  day of  _SepTember_ , 2014.

A. LEE BENTLEY, III
United States Attorney

_John D. Todd_
JOHN DEWEY TODD
Defendant

_Kelly S Karase_
KELLY S. KARASE
Assistant United States Attorney

_Shannon H. Padgett_
SHANNON H. PADGETT
Attorney for Defendant

_Julie Hackenberry for_
MAC D. HEAVENER, III
Assistant United States Attorney
Deputy Chief, Jacksonville Division

15

Defendant's Initial _JT_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:14-cr-11-J-39JRK

JOHN DEWEY TODD

## PERSONALIZATION OF ELEMENTS

COUNT TWO:

1.      On or about January 6, 2008, at Fernandina Beach, in Nassau County, in the Middle District of Florida, did you knowingly employ, use, persuade, induce, entice or coerce a minor to engage in sexually explicit conduct?

2.      Do you admit that you did so for the purpose of producing a visual depiction of such conduct?

3.      Were the visual depictions produced using materials that had been transported or transmitted in interstate or foreign commerce?

COUNT FIVE:

1.      On or about November 3, 2013, at Fernandina Beach, Nassau County, in the Middle District of Florida, and elsewhere, did you knowingly receive a visual depiction, that is, the computer file listed in Count Five of the Indictment?

Defendant's Initial _J.T._                    16

2.    Do you admit that this visual depiction was shipped and transported using a means and facility of interstate and foreign commerce, that is, by computer via the internet?

3.    Do you admit that the production of such visual depiction involved a minor engaging in sexually explicit conduct?

4.    Do you admit that this visual depiction was of a minor engaging in sexually explicit conduct?

5.    Do you admit that you knew that at least one of the performers in this visual depiction was a minor and that you knew that the visual depiction was of such    minor    engaged    in    sexually    explicit    conduct?

Defendant's Initial

UNITED STATES OF AMERICA

v.                                              CASE NO. 3:14-cr-11-J-39JRK

JOHN DEWEY TODD

## **FACTUAL BASIS**

On November 15, 2013, law enforcement agents executed a federal search warrant at the address of John Dewey Todd at Fernandina Beach in Nassau County, Florida. During the execution of this warrant, law enforcement recovered several electronic devices. After waiving his *Miranda* rights, Defendant Todd spoke with law enforcement and admitted that he had "inappropriate stuff" on his computers. He elaborated to say by "inappropriate," he meant "child porn." He further admitted to collecting child pornography for a "couple of years." Defendant Todd informed law enforcement that he only used one peer-to-peer file-sharing program to collect his child pornography files. He also directed law enforcement to an area in the attic, under plywood, where he had hidden media discs he created that contained child pornography. He further directed them to a jacket hanging in his closet where he had thumb drives in the pockets containing child pornography. In total, there were 51 discs hidden under the floorboard in the attic, which collectively contained at least 12,000 files of child pornography (550 videos and 11,500 still images). There were five thumb drives in the jacket pocket. Upon examination of the thumb drives, agents

Defendant's Initials _J.T._

discovered four self-produced videos made by the defendant through surreptitious recordings in his bathroom. One of the thumbdrives was a SanDisk Cruzer 8GB thumb drive, which was manufactured in China.

A video on this SanDisk Cruzer thumb drive, which was created on or about January 6, 2008, and is approximately 45 minutes in length, depicted the following:

At 21:06, Defendant Todd appears in the camera screen and he appears to be adjusting the camera to point toward a bathtub/shower curtain. His face is clearly depicted. There are plant leaves that are also visible in the peripheral of the screen indicative that the camera is hidden in a plant or planter. He disappears from the screen after several seconds and the room goes dark. Minutes later, the lights come back on and, at approximately 21:08, a fully clothed minor female is seen turning on the bath water. At approximately 21:13, a nude prepubescent minor female is recorded entering the bathtub. The minor displays little to no breast development, absence of any visible pubic hair and child-like features and has a child-like voice. The camera angle captures her genitals in the center of the screen at or around 21:15 while the child is entering the bathtub and testing the temperature of the water. Another nude and prepubescent minor female enters the bathtub and the two sit on the edge of the bathtub playing in the water. There are clear depictions of the girls' genitalia and breasts at various points in the video, including several instances where one of the minor females is seen bending over and her genitalia is clearly displayed.

Defendant's Initials _J T_          2

Another video on the same SanDisk Cruzer thumb drive is an edited version of the above-described produced on January 6, 2008. It is approximately 19 minutes long and captures the same depictions of the nude prepubescent minors in the bathtub displaying their genitalia but the portions showing Defendant Todd had been edited out. Defendant Todd knew both of these minor females personally and knew them to be approximately ages 5 and 7 years old at the time he produced the videos.

Child pornography was also discovered on Defendant Todd's cell phone seized from him at the execution of the search warrant and on computers seized from the home. There were thousands of files of child pornography located on the electronic media seized from Defendant Todd. Included on one of the hard drives seized from Defendant Todd's residence, an Acer Tower Computer System, was a video file Defendant Todd received via the Internet through his use of a peer-to-peer file-sharing program on or about November 3, 2013, titled 7YO Jenny - Dick-Sucking Compilation - You can tell she REALLY loves to suck grown mens' cocks, & she's REALLY GOOD at it too!! (pthc preteen).mpg. This is an 11 minute 2 second color video that was shared from Defendant Todd's computer at least 37 times. It begins with a nude prepubescent female, with long, dark hair, lying in the fetal position on her right side on off-white fabric. The child appears to be approximately 7 years old consistent with the file title. The camera moves from a general body shot to focus on the child's genitalia. When

the camera zooms in on the child's genitalia, the child changes to a prone position, and the scene abruptly ends.

The next scene is a close-up of a prepubescent female's face. She has blond hair and appears to be wearing a leather-like strap around her neck. The child moves her face to her right and begins to perform oral sex on an adult male. The child also uses her right hand on the male's penis while she performs oral sex on the male. The camera remains on this act for more than two minutes.

The child then turns over onto her elbows and knees on a multi-colored, patterned fabric and continues to perform oral sex on the adult male. The child also uses her right hand on the male's penis while she performs oral sex on the male. After several seconds, the camera moves to focus on the child's buttocks. The child can be seen lying prone during this scene. The camera continually alternates its focus from the female child performing oral sex on the adult male to the girl's buttocks several times.

The scene changes to the same prepubescent female lying on her back on top of the multi-colored, patterned fabric. In this scene, the child is nude except for a pair of black, thigh-high stockings. The girl's legs are spread apart and each of her ankles was bound to her thighs by a yellow rope. The girl's genitalia, which lacks pubic hair, is in plain view and the central focus of the camera. The adult male's right hand enters the scene and digitally masturbates the girl's genitalia. The camera moves upward and shows the girl's

underdeveloped breasts and face. The girl continues to have the leather-like strap around her neck.

For more than two minutes, the camera continually alternates back and forth between the male digitally masturbating the girl and the girl performing oral sex on the male. Later, the camera reveals that the girl's hands are bound by yellow rope above her head.

The girl is then shown blindfolded, lying on her back, with the leather-like strap around her neck while she performs oral sex on the adult male's penis. The camera moves downward and continually alternates its focus between the male digitally masturbating the girl's genitalia to depicting the girl's feet, which are bound to a metal bar by yellow rope, and back to showing the girl performing oral sex on the male. This scene continues for several minutes until the video ends.

The blond girl in this video is clearly prepubescent due to her overall diminutive form, underdeveloped breasts, and lack of pubic hair.