UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                           CASE NO: 3:14-cr-11-J-39JRK

JOHN DEWEY TODD                            ORDER ON MOTION FOR
                                                                      SENTENCE REDUCTION UNDER
                                                                      18 U.S.C. § 3582(c)(1)(A)

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

   ☒ FACTORS CONSIDERED

Defendant John Dewey Todd is a 67-year-old inmate incarcerated at Jesup FCI, serving a 235-month term of imprisonment for one count of producing child pornography and one count of receiving child pornography. (Doc. 46, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on September 23, 2030. Todd seeks compassionate release because of the Covid-19 pandemic, his age, and because he suffers from hypothyroidism, obesity, hypertension, Type 2 diabetes, and chronic obstructive pulmonary disorder (COPD) related to asbestos exposure, among other conditions. (Doc. 50, Emergency Motion for Compassionate Release; Doc. 50-1, Medical Records; Doc. 50-2, Email Exhibit).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Court assumes for the sake of discussion that Todd's advanced age and medical conditions qualify as extraordinary and compelling circumstances in light of the Covid-19 pandemic.[1] Nevertheless, Todd does not qualify for relief because the sentencing factors under 18 U.S.C. § 3553(a) do not support a sentence reduction. See 18 U.S.C. § 3582(c)(1)(A).

Todd pleaded guilty to one count of producing child pornography as well as one count of receiving child pornography. (Doc. 33, Plea Agreement). Child pornography offenses are inherently serious, but the production of child pornography is all the more so, as reflected by its increased sentencing range (15 to 30 years in prison) and higher base offense level (32). Compare 18 U.S.C. § 2251(e) with § 2252(b)(1); see also U.S.S.G. § 2G2.1(a). Todd admitted to secretly video-recording two prepubescent girls, ages five and seven, while they took a bath in his home. Plea Agreement at 18–20. Todd

---

[1] The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See United States v. Brooker, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because it assumes that Todd's circumstances qualify as extraordinary and compelling reasons.

surreptitiously placed the camera in a hidden location, positioning the device such that it would capture the girls' genitalia in the center of the screen. Todd personally knew both of the underage victims, who were staying with Todd and his wife when he recorded them. See Plea Agreement at 20; (Doc. 39, Presentence Investigation Report [PSR] at ¶¶ 21, 36, 43). All told, Todd possessed four self-produced videos that were made through surreptitious recordings. Plea Agreement at 18–19.

In addition, law enforcement officers discovered a vast collection of child pornography in Todd's possession. Altogether, officers found 51 discs hidden under a floorboard in his attic, "which collectively contained 12,000 files of child pornography (550 videos and 11,500 still images)." Id. at 18. Further child pornography was found on Todd's cell phone and his personal computer. Id. at 20–22. The computer files contained videos depicting the graphic sexual abuse of children as young as seven years old.

Todd's advisory sentencing range under the guidelines was 235 to 293 months in prison, based on a total offense level of 38 and a Criminal History Category of I. PSR at ¶ 89; (Doc. 47, Statement of Reasons at 1). The Court sentenced Todd to 235 months in prison, representing the low end of the guidelines range. As Todd himself recognizes, he has served only 83 months of his sentence, Emergency Motion at 10, which is 35% of the total term of imprisonment. Even accounting for good time credits, Todd has nearly a decade remaining on his sentence according to the BOP. The Court has considered Todd's arguments, including his complaints about prison conditions and his efforts at rehabilitation, but none of them persuades the Court that a sentence reduction is appropriate.[2] Reducing Todd's sentence would fail to reflect the seriousness of the

---

[2] If Todd seeks to file a complaint regarding prison conditions, this Court is not the

3

offense, provide just punishment, afford adequate deterrence, or promote respect for the law, especially given the small fraction of the sentence Todd has completed. See, e.g., United States v. Pawlowski, 967 F.3d 327, 330–31 (3d Cir. 2020) (holding that district court properly denied defendant's motion for compassionate release, based on the § 3553(a) factors, where the defendant had completed only two years of his 15-year sentence); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020) (holding that a district court did not abuse its discretion in denying compassionate release based, in part, on the defendant's having served only 14 years of a 30-year sentence). In view of all the § 3553(a) factors, reducing Todd's sentence is not warranted at this time.

Accordingly, Defendant John Dewey Todd's Emergency Motion for Compassionate Release (Doc. 50) is **DENIED**.[3] Todd's request for the appointment of counsel is **DENIED** as well because the interests of justice do not warrant it. See United States v. Cain, 827 F. App'x 915, 921–22 (11th Cir. 2020).

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of December, 2020.

BRIAN J. DAVIS
United States District Judge

Lc 19
Copies:
Counsel of record
Defendant

---

appropriate jurisdiction to do so. He must file a complaint in the district where he is confined.

[3] To the extent Todd requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).