**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

vs.                                                                           Case No.:    3:14-cr-11-BJD-JRK

JOHN DEWEY TODD

_____/

**ORDER**

This case is before the Court on Defendant John Dewey Todd's "Emergency Motion for Reconsideration of Compassionate Release Based on Material Changes in Circumstances." (Doc. 55, Emergency Motion for Reconsideration). Todd is a 67-year-old inmate incarcerated at Jesup FCI, serving a 235-month term of imprisonment for one count of producing child pornography and one count of receiving child pornography. (Doc. 46, Judgment). According to the Bureau of Prisons (BOP), he is due to be released from prison on September 23, 2030.

On November 30, 2020, Todd filed an emergency motion for compassionate release based on the Covid-19 pandemic and his underlying health conditions, which include obesity, hypertension, type 2 diabetes, hypothyroidism, and chronic obstructive pulmonary disorder (COPD) related to asbestos exposure. (Doc. 50, Emergency Motion for Compassionate Release). The Court assumed that Todd's circumstances qualified as extraordinary and

1

compelling under 18 U.S.C. § 3582(c)(1)(A), but denied the motion based on the sentencing factors under § 3553(a). (Doc. 51, Order Denying Emergency Motion for Compassionate Release). Todd filed a notice of appeal (Doc. 52), but the appeal was dismissed on February 10, 2021, because of Todd's failure to prosecute (Doc. 54).

Todd filed the Emergency Motion for Reconsideration on August 29, 2021, and the Court received it on September 13, 2021. Even though Todd is fully vaccinated against Covid-19 (Doc. 59, Sealed Medical Records at 72)[1], he argues that his circumstances have changed for the worse because of the Delta variant of the SARS-CoV-2 virus. He also urges the Court to consider new arguments regarding the fairness of his sentence that were not presented in the prior Emergency Motion for Compassionate Release, such as alleged disparities between his sentence and those of other defendants convicted of child pornography offenses. The United States responded in opposition to the motion on October 1, 2021. (Doc. 58, Response).

The Court has considered each of Todd's arguments but finds none to be persuasive. Todd's circumstances are less extraordinary and compelling today than they were when the Court originally denied his request for compassionate release. Since then, Todd has (wisely) accepted both doses of the Moderna

---

[1] Citations to the sealed medical records refer to the Bates stamp page number on the lower right-hand corner.

2

Covid-19 vaccine. (Doc. 59 at 72). According to available data from the Centers for Disease Control (CDC), the Covid-19 vaccines are highly effective at preventing death or serious illness from Covid-19, including against emerging variants.[2] As the Seventh Circuit Court of Appeals recently observed:

> Section 3582(c)(1)(A) was enacted and amended before the SARS-CoV-2 pandemic, and it will continue to serve a beneficent function long after the pandemic ends. But for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021); United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) ("[P]risoners who have access to a vaccine cannot use the risk of COVID-19 to obtain compassionate release.").[3]

In addition, the medical records reflect that Todd's medical conditions are well-monitored and well-controlled. (See Doc. 58 at 3–4; Doc. 59 at 17, 20, 39). There is no indication that Todd suffers from a terminal condition or one that

---

[2]   https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html.

[3]   Todd relies on United States v. Sweet, No. 07–20369, 2021 WL 1430836 (E.D. Mich. Apr. 15, 2021), a district court opinion where the court granted compassionate release to a 73-year-old inmate convicted in federal court of the sexual exploitation of children and in state court for second-degree murder and criminal sexual conduct, even though he was fully vaccinated against Covid-19. Sweet appears to be an outlier, whose reasoning other courts have rejected. See, e.g., United States v. Smith, ––– F. Supp. 3d –––, 2021 WL 1890770, at *5 (E.D. Cal. May 11, 2021); United States v. Catchings, No. 12–20372, 2021 WL 3417912, at *3 (E.D. Mich. Aug. 5, 2021). For the reasons stated in Smith and Catchings, and in light of data reflecting the efficacy of the Covid-19 vaccines, the Court also declines to follow Sweet.

substantially diminishes his ability to provide self-care within the prison environment. See U.S.S.G. § 1B1.13, cmt. 1(A).

To the extent Todd raises new arguments regarding the § 3553(a) factors, a party may not use a motion for reconsideration to raise new arguments that he could have raised initially. See Mays v. United States Postal Service, 122 F.3d 43, 46 (11th Cir. 1997) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law"); Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (allowing a party to raise new arguments in a motion for reconsideration "essentially affords a litigant 'two bites of the apple.'"). In any event, Todd fails to persuade the Court that its prior assessment of the § 3553(a) factors was wrong. (See Doc. 51, Order Denying Emergency Motion for Compassionate Release at 2–4).[4] Todd pleaded guilty to the production of child pornography and the receipt of child pornography. He surreptitiously recorded two young children, ages 5 and 7, while they bathed in his home. He also collected a vast trove of child

---

[4] Todd tries to compare his case to United States v. Hagan, No. 3:17-cr-210-BJD-JBT, 2021 WL 1377765 (M.D. Fla. Apr. 12, 2021), in which the Court granted compassionate release to a 36-year-old defendant who had been convicted of one count of receiving child pornography. Hagan is distinguishable for several reasons: (1) there was no indication Hagan had been offered the Covid-19 vaccine, whereas Todd is fully vaccinated; (2) Hagan was serving a 60-month prison sentence and was only 17 months away from his release date, unlike Todd, who is serving a 235-month sentence and has nine years remaining until his release date; (3) Hagan was convicted of receiving child pornography, whereas Todd has been convicted of producing child pornography as well as receiving child pornography; and (4) the evidence in Hagan's case established the existence of only six images, compared to the hundreds of videos and images in Todd's case. Hagan simply is not comparable.

pornography, which included videos depicting the graphic sexual abuse of children as young as seven years old. His 235-month prison sentence is at the low end of the guidelines range, which was 235 to 293 months. As of this date, Todd has served approximately 93 months in prison, dating from his arrest on January 16, 2014, or around 40% of his sentence. Reducing Todd's sentence would fail to accomplish the statutory purposes of sentencing, including the need to provide just punishment and to reflect the seriousness of the offense. In view of all the § 3553(a) factors, reducing Todd's sentence is not warranted.

Accordingly, Defendant John Dewey Todd's "Emergency Motion for Reconsideration" (Doc. 55) is **DENIED**.[5]

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of October, 2021.

BRIAN J. DAVIS
United States District Judge

Lc 19

Copies:
Counsel of record
Pro se defendant

---

[5] This motion did not present a genuine emergency. The Court warns Todd that the unwarranted designation of a motion as an emergency may result in the imposition of sanctions. M.D. Fla. Local Rule 3.01(e).