UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                              CASE NO. 3:14-cr-11-BJD-PDB

JOHN DEWEY TODD

### RESPONSE TO DEFENDANT'S
### MOTION TO REDACT SENTENCING TRANSCRIPT

The United States opposes defendant's request to redact the transcript from his sentencing. Doc. 70. The defendant has not provided a sufficient basis for the broad requested relief to redact the sentencing transcript in his case, citing only generally that in so doing he seeks to "protect the interests of the defendant and others related therein." The motion should be denied.

While styled as a "Notice of Intent and Request Redaction of the Sentencing Transcript," the defendant requests in his pleading that the sentencing transcript "be redacted." Doc. 70. He also requests copies of the transcript be provided to him, alleging that this is his second request for the transcript.

Common law provides a presumption that judicial records are public documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Chicago Tribune Co. v. Bridgestone/Firestone*, 263 F.3d 1304, 1311 (11th Cir. 2001) ("The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process."). "Once a

matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

The public's common-law right of access is not absolute, however, and "may be overcome by a showing of good cause." *Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir. 2007). "[W]hether good cause exists ... is ... decided by the nature and character of the information in question." *Id.* at 1246 (quoting *Chicago Tribune*, 263 F.3d at 1315). Courts deciding whether to seal documents consider "the public interest in accessing court documents against a party's interest in keeping the information confidential." *Id.* In balancing these interests, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* Good cause requires more than a "conclusory and speculative" basis for sealing or redacting records from public view. *Id.* at 1248.

To seal records in a criminal case, a Court must make findings to "rebut the presumption of openness" that applies but can be overcome upon the showing of "'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *United States v. Ochoa-Vasquez,* 428

F.3d 1015, 1030 (11th Cir. 2005) *citing Press-Enter. Co. v. Superior Ct. of California, Riverside Cty.*, 464 U.S. 501, 502, 104 S. Ct. 819, 820, 78 L. Ed. 2d 629 (1984).

Here, the defendant has failed to establish good cause for his requested relief. He provides a conclusory and speculative basis for redacting the entirety of the sentencing transcript, asserting that he seeks redaction to protect his interests and the interests of others. He has not made the requisite showing and his motion to redact the sentencing transcript should be denied.

Defendant's conclusory and general request without any specificity to redact the sentencing transcript leads to the second request in defendant's motion, which was a request for the sentencing transcript. While the United States does not yet have a copy of the sentencing transcript, upon inquiry with the Court Reporter, the United States learned that the Court Reporter mailed the requested transcript to the defendant on February 24, 2022. Defendant's motion was dated February 27, 2022, and filed on March 9, 2022. It is likely that, since the date of the mailing of his motion, the defendant has now received the transcript. Nonetheless, the Court Reporter advised that she would send another copy of the sentencing transcript to the defendant on March 30, 2022. For these reasons, the United States respectfully requests the Court deny defendant's request to the United States for a copy of the transcript as moot.

For the foregoing reasons, the United States respectfully requests the Court deny the defendant's *pro se* motion to redact the sentencing transcript for lack of good cause shown and den the defendant's *pro se* motion for a copy of the sentencing transcript as moot.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   /s/ *Kelly S. Karase*
        KELLY S. KARASE
        Assistant United States Attorney
        Florida Bar No. 1031977
        300 North Hogan Street, Suite 700
        Jacksonville, Florida 32202-4270
        Tel: (904) 301-6300
        Fax: (904) 301-6310
        E-mail: Kelly.Karase@usdoj.gov

U.S. v. JOHN DEWEY TODD            Case No. 3:14-cr-11-BJD-PDB

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2022, a true and correct copy of the foregoing document and the notice of electronic filing was sent to the following by mail:

>John Dewey Todd, *Pro Se*
>Reg. No. 60135-018
>FCI Jesup
>Federal Correctional Institution
>2680 Highway 301 South
>Jesup, GA 31599

/s/ *Kelly S. Karase*
KELLY S. KARASE
Assistant United States Attorney